# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERNEST DILLMAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-07-1104-D |
| BILL WINCHESTER, as SHERIFF OF GARFIELD COUNTY, and THE BOARD OF COUNTY COMMISSIONERS for the COUNTY OF GARFIELD, STATE OF OKLAHOMA, a political subdivision of the State of Oklahoma, | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion for Summary Judgment [Doc. No. 24] of Defendant The Board of County Commissioners for the County of Garfield, State of Oklahoma ("Board"). Plaintiff has timely responded to the Motion, and the Board has filed a Reply.

Plaintiff is a former employee of the Sheriff's Department of Garfield County, Oklahoma. At all times relevant to Plaintiff's claims, Defendant Bill Winchester was the Garfield County Sheriff. Plaintiff brings this action pursuant to 42 U. S. C. § 1983, alleging that his constitutional rights were violated when his employment was terminated. Specifically, Plaintiff contends that Defendant Winchester violated his First Amendment rights by terminating him after his criticisms of the Sheriff's office were published in the local newspaper. He also asserts a pendent state tort claim, pursuant to *Burk v. K-Mart Corp.*, 770 P. 2d 24 (Okla. 1989), alleging that his termination violated Oklahoma public policy. Plaintiff seeks to hold the Board liable for Winchester's alleged conduct, arguing that Winchester is a policymaker for Garfield County and that, as a result, the

Board is liable for his conduct. *See, e.g., Starrett v. SWadley*, 876 F.2d 808, 818-819 (10th Cir. 1989).

By separate Order, the Court has ruled on the Motion for Summary Judgment filed by Defendant Winchester [Doc. No. 23]. In that Order, the Court concluded that the undisputed material facts establish that, as a matter of law, Winchester is entitled to judgment on all claims asserted by Plaintiff. Inasmuch as Plaintiff's claims against the Board are dependent upon his claims that Winchester violated his First Amendment rights, the Board's Motion must be, and is, GRANTED. The Court further concluded that, under Oklahoma's Governmental Tort Claims Act, Plaintiff cannot recover on his state tort claim. That determination also warrants judgment in favor of the Board on the pendent tort claim.

Accordingly, the Board's Motion for Summary Judgment [Doc. No. 24] is GRANTED on all claims asserted by Plaintiff in this action. Judgment shall enter in favor of the Board and against Plaintiff.

IT IS SO ORDERED this 9th day of June, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE